UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD AND HELAINE WARSHAW, | ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) ) )  Civil Action No. 11-12068-MAP |
| QBE INS. CORP., COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., COLDBROOKE SOUTH UNIT OWNERS' TRUST, BERKSHIRE INS. GROUP, INC., R.E.M. ENTERPRISES, INC., | ) ) ) ) ) ) ) |
| Defendants | ) |

ORDER WITH REGARD TO PLAINTIFFS' MOTION
TO AMEND THE COMPLAINT (Doc. No. 24)
August 22, 2012

NEIMAN, U.S.M.J.

Presently before the court is Gerald and Helaine Warshaw ("Plaintiffs")' first motion to amend the complaint. Plaintiffs seek to add an additional count against Defendant R.E.M. Enterprises, Inc. ("REM"), for breach of the implied warranties of merchantability and fitness for a particular purpose pursuant to Mass. Gen. Laws c. 106 § 2-316A. For the reasons discussed below, the court will deny Plaintiffs' motion.

I.  FACTUAL BACKGROUND

Plaintiffs own a seasonal home located at Unit 15B of the Coldbrooke South Condominium Association in Lenox, Massachusetts. Pursuant to their condominium association agreement with Coldbrooke, Plaintiffs were required to keep their unit at or

above 62 degrees during the winter months. In an effort to meet that requirement, Plaintiffs contracted with REM to monitor their property for low temperatures. Although, at this time, the parties disagree about the exact parameters of the contract, the initial agreement was entitled "Alarm Monitoring and Services Agreement" (hereinafter the "Agreement"), through which REM agreed to monitor the temperature at Plaintiffs' unit. Also included in the Agreement are several disclaimers in which REM expressly disclaims liability for, among other things, breach of any warranties of fitness or merchantability.

On or about March 31, 2011, personnel at Coldbrooke discovered water running at Plaintiffs' unit, the cause of which was subsequently determined to be a copper pipe that froze and then burst, resulting in water damage to the unit. Plaintiffs subsequently brought this action against several parties, including REM for breach of contract.

II. DISCUSSION

Pursuant to Fed. R. Civ. Pro. 15(a), "consent to file amended pleadings 'shall be freely given when justice so requires,' unless the amendment would be futile or reward undue delay." *Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006) (quoting Fed. R. Civ. Pro. 15(a)). Although Rule 15 has established a "rather forgiving standard, 'in considering a motion for leave to amend the trial court must first consider whether the proposed new claims are futile, that is, whether they would be subject to dismissal for failure to state a claim.'" *MacNeill Engineering Co., Inc. v. Trisport*, Ltd., 59 F. Supp. 2d 199, 201 (D. Mass. 1999) (quoting *Smith v. Mitre Corp.*, 949 F. Supp. 943, 945 (D. Mass. 1997)).

As explained, Plaintiffs seek to add a count against REM for breach of warranties of fitness and merchantability pursuant to Mass. Gen. Laws c. 106 § 2-316A. REM opposes Plaintiffs' motion, arguing that such a claim is futile, as the services provided by REM are excluded from the scope of the Massachusetts statute relied on by Plaintiffs. The court finds REM's position persuasive.

One of the provisions of Massachusetts General Laws on which Plaintiffs rely in moving to amend their complaint provides as follows:

> Any language, oral or written, used by a seller or manufacturer of consumer goods and services, which attempts to exclude or modify any implied warranties of merchantability and fitness for a particular purpose or to exclude or modify the consumer's remedies for breach of those warranties, shall be unenforceable.

Mass. Gen. Laws c. 106 § 2-316A(2). The second provision relied on by Plaintiffs states expressly that "[t]he provisions of this section may not be disclaimed or waived by agreement." Mass. Gen. Laws c. 106 § 2-316A(5). Citing these provisions in tandem, Plaintiffs argue that REM cannot waive, alter, or amend the warranties of merchantability and fitness for a particular purpose and, therefore, their motion to amend is not futile.

Both provisions cited by Plaintiffs, however, fall under the portion of the Massachusetts General Laws that codify the Uniform Commercial Code and, as such, apply to transactions in goods only. *Mattoon v. City of Pittsfield*, 775 N.E.2d 770, 783 (Mass. App. Ct. 2002) ("As a threshold matter, the code's art. 2 warranty provisions are limited to transactions in 'goods.'"); *see also Phillips v. Medtronic, Inc.*, 754 F. Supp. 2d

211, 216 (D. Mass 2010) (claims for breach of implied warranties of merchantability and/or fitness "must arise out of 'transactions in goods' and not the provision of services") (quoting Mass. Gen. Laws c. 106 § 2-102). As the Massachusetts Court of Appeals stated in *Mattoon*, "in contrast to the sale of goods, the rendition of services is not covered by art. 2 of the code" and explained that, where a contract implicates both goods and services, the test to determine the applicability of art. 2 is whether "the predominant factor, thrust or purpose of the contract is . . . the rendition of service, with goods incidentally involved." 775 N.E.2d at 783.

Here, Plaintiffs do not allege that any goods were sold to them in the course of their relationship with REM; in fact, the Agreement was entitled the "Alarm Monitoring and Services Agreement." Indeed, in their complaint, Plaintiffs allege only that a low temperature alarm was "installed, maintained and monitored" by REM, all of which indicate an on-going service rather than a transaction in goods, which are defined as "all things . . . which are movable at the time of identification to the contract for sale." Id. (quoting Mass. Gen. Laws c. 106 § 2-105(1)). To the extent, then, that Plaintiffs wish to assert a claim for the breach of warranties under art. 2, that effort would be futile. And to the extent that Plaintiffs' complaint even hints that a sale of goods may have taken place between the parties, that transaction was merely incidental to the alarm monitoring services provided by REM.

### III. CONCLUSION

For the reasons stated, Plaintiffs' motion to amend the complaint is DENIED.

IT IS SO ORDERED.

DATED: August 22, 2012

                                                        /s/   Kenneth P. Neiman
                                                        KENNETH P. NEIMAN
                                                        U.S. Magistrate Judge